UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MAURICE WILLIAMS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:07CV370 CDP |
| CITY OF ST. LOUIS, et. al, | ) | |
| Respondents. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Maurice Williams for leave to commence this action without payment of the required filing fee.[1] See 28 U.S.C. § 1915(a).

**The petition**

Petitioner, a pre-trial detainee at the St. Louis City Justice Center, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 against respondents City of St. Louis and Medium Security Institution. Petitioner alleges, "Case hasn't been tried and as of this date a preliminary hearing hasn't been held although arrested on 12/5/2007 [sic] and State substituted the information for an indictment without notifying the Petitioner of the grand jury hearing." In addition, petitioner states, "I received no answer on my writ of habeas corpus to the Circuit Court and it's been over 30 days." Petitioner seeks his "[i]mmediate release from custody and dismissal of pending charge with prejudice."

**Discussion**

---

[1] In his motion to proceed in forma pauperis [Doc. #2], petitioner states, "Institution refuses to certify account; so therefore I request to proceed." Under these circumstances, the Court will allow petitioner to proceed in forma pauperis.

Petitioner labeled his suit as one brought under § 2254; however, because he is not in custody pursuant to a state court judgment, the only vehicle for challenging his present confinement is 28 U.S.C. § 2241. Cf. Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001)(person in custody pursuant to state court judgment can only obtain habeas relief through § 2254). Accordingly, the Court will liberally construe the instant action as having been brought under § 2241.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). In the instant case, petitioner states that he has filed a state-court habeas corpus action and that, although more than thirty days have passed, he has "received no answer." It is unclear how long petitioner's state habeas corpus action has been pending. Nevertheless, petitioner does not state, nor is there any indication, that he has sought to compel performance relative to his state habeas petition by filing a writ of mandamus in the appropriate state court. See State ex rel. Haley v. Groose, 873 S.W.2d 221, 223 (Mo. banc 1994)(writ of mandamus will lie to compel performance of an act by one who has duty to perform it). Under these circumstances, this Court finds that petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction. Accordingly, this Court will dismiss the instant habeas petition, but notes that the dismissal is without prejudice to the filing of a future habeas corpus action, following exhaustion of state remedies.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to

respondents, because petitioner has failed to exhaust his available state remedies.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, without prejudice.

An appropriate order shall accompany this order and memorandum.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2007.